UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN, ) | CIV-F-08-0617 AWI GSA |
| Plaintiff, ) | |
| ) | ORDER RE: MOTION TO DISMISS |
| v. ) | |
| WAL-MART STORES, INC.; and DOES ) 1-100, ) | |
| Defendants. ) | |

**I. History**

Plaintiff Zane Hardin has been an employee of Defendant Wal-Mart for several years. Though he has applied for several promotions, he has not received them. Plaintiff alleges that he has been mistreated by supervisors and denied the use of a handicap parking spot though he is disabled.

Plaintiff filed this case in state court on March 20, 2008. Plaintiff's complaint contains four causes of action: (1) employment discrimination under California's Fair Employment and Housing Act; (2) employment discrimination under the American's With Disabilities Act; (3) unlawful business practice under California's Business and Professions Code §17200; and (4) inadequate public accommodation for individuals with a disability under California Civil Code §51. Defendant removed the action to federal court and sought dismissal of the first, second, and fourth causes of action. Plaintiff opposed the motion to dismiss. The matter was taken under

1  submission without oral argument.

2

3                                    **II. Legal Standards**

4      Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the
5  plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule
6  12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient
7  facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.
8  2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
9  factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
10 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
11 of action will not do. Factual allegations must be enough to raise a right to relief above the
12 speculative level, on the assumption that all the allegations in the complaint are true (even if
13 doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007), citations
14 omitted.  The court is not required "to accept as true allegations that are merely conclusory,
15 unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors,
16 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace
17 those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497
18 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other
19 grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of
20 "facts that could be proved consistent with the allegations of the complaint" that would entitle
21 plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other
22 bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or
23 that the defendants have violated...laws in ways that have not been alleged." Associated General
24 Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526
25 (1983).

26      In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited
27 to reviewing only the complaint.  "There are, however, two exceptions....First, a court may
28 consider material which is properly submitted as part of the complaint on a motion to dismiss...If

the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

Plaintiff's first cause of action is for age and disability discrimination under FEHA. Defendant argues that to successfully state such claims, Plaintiff must allege (among other things) that he is over forty and the nature of his disability. Doc. 7, Brief, at 7:22-8:19. Defendant points out that in a letter attached to the complaint, Plaintiff does state that he was 60 years old. See Doc. 2, Ex. A, Sept. 1, 2002 Letter, at 30.  In another letter, Plaintiff makes clear that he was born on July 18, 1942. See Doc. 2, Ex A. March 29, 2006 Letter, at 17.  In its reply,

Defendant seems to have accepted this clarification and does not further address the issue. However, Plaintiff does not state the nature of his disability or address whether such an allegation is necessary to survive a motion to dismiss. In Plaintiff's filing with the California Department of Fair Employment and Housing, Plaintiff checked the "physical disability" category and appended no material that stated what his disability is. See Doc. 2, Ex. A, FEHA Complaint, at 11. His complaint states that he is "legally disabled." Doc. 2, Ex. A, Complaint, at 6:2. In an attached letter, Plaintiff states "I wrenched my back because I was trying to put the stock on the shelves. I was off for two days because of this injury. I did not go to a doctor because I felt that I would recover from this injury. My back is still hurting and very weak" but there is no indication that this injury is Plaintiff's disability. Doc. 2, Ex. A, Nov. 17, 2004 Letter, at 21. More detail is necessary. Plaintiff's disability discrimination claim is dismissed with leave to amend.

Plaintiff's second cause of action is brought under the ADA. Defendant argues Plaintiff has not exhausted administrative remedies, depriving this court of subject matter jurisdiction. Plaintiff concedes Defendant's objections to this claim and "voluntarily withdraws the cause of action without prejudice." Doc. 11, Opposition, at 3:6-7. Defendant then makes the argument that the court does not have subject matter jurisdiction and so must dismiss the cause of action with prejudice. See Doc. 12, Reply, at 2:4-15. The lack of subject matter jurisdiction deprives the court of the ability to dismiss a claim with prejudice as that would be a substantive finding on the merits of the claim. As Plaintiff has admitted that he has not exhausted his administrative remedies for his ADA claim, the court will simply dismiss the claim for lack of subject matter jurisdiction.

Plaintiff's fourth cause of action is for violation of Cal. Civ. Code §51 which requires equal public accommodations for individuals with disabilities. Defendant argues that Section 51 is not applicable to the employer-employee relationship. Plaintiff seeks leave to amend his fourth claim "to add the necessary allegations regarding his patron and customer status" as he claims to have "a hybrid status as employee, patron and customer." Doc. 11, Opposition, at 3:1 and 2:23. Defendant argues that a "hybrid" claim contravenes legislative intent and seeks

dismissal of Plaintiff's fourth cause of action with prejudice. Doc. 12, Reply, at 3:3-18. This "hybrid" theory is not part of the original complaint. Whether such a claim is viable has not been briefed by either party. Plaintiff is granted leave to amend on the issue.

### IV. Order

Defendant's motion to dismiss is GRANTED in part and DENIED in part. The portion of the first cause of action for disability discrimination under FEHA is dismissed without prejudice. The second cause of action is dismissed for lack of subject matter jurisdiction. The fourth cause of action is dismissed without prejudice. Any amended complaint must be filed within thirty (30) days. If no amended complaint if filed by that date, Defendants are directed to file an answer to this complaint (as narrowed by this order) within thirty (30) days of that date.

IT IS SO ORDERED.

Dated: December 23, 2008              /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE