# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN, | 1:08-cv-00617 AWI GSA |
| Plaintiff, | ORDER RE DEFENDANT'S MOTION FOR EXTENSION OF DEADLINES |
| v. | |
| | (Document 26) |
| WAL-MART STORES, INC., and DOES 1-100, inclusive, | |
| Defendants. | |

Pending before the Court is Defendant's Motion for Extension of Deadlines in the Court's Discovery Plan and Scheduling Order filed March 9, 2009. Plaintiff filed an opposition on March 25, 2009. The Court has considered the pleadings and has determined that these matters are suitable for decision without oral argument pursuant to Local Rule 78-230(h). The hearing scheduled for April 17, 2009, was vacated by minute order of April 6, 2009, and thus the parties need not appear. Upon consideration of all the pleadings, this Court will find that Defendant's motion to extend discovery deadlines and scheduling order should be GRANTED.

//

//

**RELEVANT PROCEDURAL BACKGROUND**

On May 2, 2008, Defendant filed its Notice of Removal. On May 7, 2008, Defendant filed its Motion to Dismiss the first, second and fourth causes of action of Plaintiff's complaint. (Doc. 7.) Plaintiff filed his opposition on June 9, 2008. (Doc. 8.) Defendant filed its reply on June 23, 2008. (Doc. 12.)

On June 25, 2008, United States District Court Judge Anthony W. Ishii vacated the hearing scheduled for June 30, 2008, and took the matter under submission. (Doc. 13.)

In the interim, a scheduling conference was held on August 27, 2008, before United States Magistrate Judge Gary S. Austin. A Scheduling Order issued on September 2, 2008. (Docs. 17 & 18.)

On December 23, 2008, Judge Ishii issued his Order Re: Motion to Dismiss wherein Defendant's motion was granted in part and denied in part. More particularly, a portion of the first cause of action was dismissed without prejudice, the second cause of action was dismissed for a lack of subject matter jurisdiction, and the fourth cause of action was dismissed without prejudice. (Doc. 19.)

Plaintiff filed his First Amended Complaint on January 20, 2009. (Doc. 20.) Defendant filed its second Motion to Dismiss on February 6, 2009. This motion sought to dismiss the second and third causes of action, and for clarification of the first cause of action, in Plaintiff's First Amended Complaint. (Doc. 22.) Plaintiff filed his opposition on February 19, 2009. (Doc. 23.) Defendant filed its reply on March 5, 2009. (Doc. 25.)

On March 9, 2009, Defendant filed the instant motion. (Doc. 26.)

On March 12, 2009, Judge Ishii vacated the hearing on the pending motion to dismiss, previously scheduled to be heard March 16, 2009, and took the matter under submission. (Doc. 28.)

On March 25, 2009, Plaintiff filed his opposition to the instant motion. (Doc. 32.)

//

**DISCUSSION**

District courts have the inherent power to control their dockets. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent."

In this matter, the Scheduling Order of September 2, 2008, provides that the order "represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case." (Doc. 18 at 7.) Here, given the fact the Scheduling Order was issued more than three months prior to the Court's decision regarding Defendant's first motion to dismiss, it is not unreasonable that Defendant now advises this Court that the discovery deadlines and hearings in this matter are no longer suitable, particularly when its second motion to dismiss remains pending a determination.

Defendant's initial motion to dismiss was taken under submission on June 25, 2008. Almost six months passed before the Court issued its order. Defendant did conduct initial written discovery and has indicated in its motion that it is waiting to learn of the Court's determination regarding its second motion to dismiss prior to completing written discovery, and prior to taking Plaintiff's deposition. There is nothing unreasonable about Defendant's position, nor Defendant's request to extend related deadlines for approximately three months, particularly in light of the fact that the first motion to dismiss was pending for six months. Notably too, Defendant's second motion to dismiss has been pending before this Court, after having been taken under submission on March 12, 2009, for approximately one month. Given this Court's congested calendar, the matter may remain under submission for some time.

Plaintiff complains that the "delay" sought by Defendant only serves to benefit Defendant and prejudice Plaintiff because he "is an elderly man." As previously noted, the Court does not consider Defendant's request to be unreasonable, and thus, the Court will not construe the request to be made for the purpose of delay. District courts have the inherent power to control

their dockets. *Thompson v. Housing Auth.*, 782 F.2d at 831. Defendant has demonstrated good cause to amend the scheduling order.

Plaintiff's assertion that this Court must deny the motion is not well taken because the Court retains the power to modify the deadlines concerning disclosures and discovery, as well as to manage its calendar

While Defendant has proposed an otherwise reasonable alternative schedule, the Court elects to refrain from modifying or resetting the discovery deadlines and dates for the settlement conference, pre-trial conference, and trial, at this time. The setting of new deadlines is premature given that a second motion to dismiss is still under submission. Instead, the Court will revisit this issue either at the Status Conference or following a ruling on the now-pending motion to dismiss.

Accordingly, **IT IS ORDERED** that:

1. Defendant's motion be GRANTED;

2. The dates and related deadlines referenced in the September 2, 2008, Scheduling Order are vacated. As to the other matters contained therein, those orders remain in full force and effect; and

3. A Status Conference will be held on **June 8, 2009, at 9:30 a.m.** in Courtroom 10. Assuming that the motion to dismiss is resolved, at that time, the Court will reissue an amended scheduling order with new dates and deadlines. The parties may appear telephonically, and if so appearing, are instructed to coordinate a conference call with all parties prior to calling chambers at (559) 499-5960. Additionally, the parties are to submit a joint status report one week prior to the status conference.

IT IS SO ORDERED.

Dated: __April 7, 2009__    _____/s/ **Gary S. Austin**_____
UNITED STATES MAGISTRATE JUDGE