1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 **EASTERN DISTRICT OF CALIFORNIA**
8
9

10 **ZANE HARDIN,**                          )          **CIV-F-08-0617 AWI GSA**
                                           )
11              **Plaintiff**,              )
                                           )          **ORDER RE: MOTION TO DISMISS**
12      **v.**                             )
                                           )
13 **WAL-MART STORES, INC.; and DOES**     )
   **1-100,**                              )
14                                         )
                **Defendants**.            )
15 _____        )

16

17                          **I. History**[1]

18       Plaintiff Zane Hardin has been an employee of Defendant Wal-Mart for several years.

19 Though he has applied for several promotions, he has not received them.  Plaintiff alleges that he

20 has been mistreated by supervisors and denied the use of a disabled parking spot though he is

21 disabled.

22       Plaintiff filed this case in state court on March 20, 2008.  Plaintiff's original complaint

23 contained four causes of action.  Defendant removed the action to federal court based on

24 diversity jurisdiction and made a motion to dismiss.  The motion was granted in part and denied

25 in part; Plaintiff was granted leave to amend.  Plaintiff's amended complaint states three causes

26 _____

27       [1]The factual history is provided for background only and does not form the basis of the
   court's decision; the assertions contained therein are not necessarily taken as adjudged to be true.
28 The legally relevant facts relied upon by the court are discussed within the analysis.

of action: (1) employment discrimination based on age and disability in violation of California's Fair Employment and Housing Act ("FEHA"); (2) refusing to allow disabled employees to use disabled parking in violation of California's Business & Professions Code §17200; and (3) refusing to allow disabled employees to use disabled parking in violation of California Civil Code §51.  Defendant has made a motion to dismiss the second and third causes of action and seeking "clarification" of the first cause of action. Doc. 22.  Plaintiff opposes the motion.  The matter was taken under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden

1   State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general

2   allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l

3   Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957),

4   overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is

5   whether there is any set of "facts that could be proved consistent with the allegations of the

6   complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S.

7   506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts

8   which [they have] not alleged, or that the defendants have violated...laws in ways that have not

9   been alleged." Associated General Contractors of California, Inc. v. California State Council of

10  Carpenters, 459 U.S. 519, 526 (1983).

11          In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited

12  to reviewing only the complaint.  "There are, however, two exceptions....First, a court may

13  consider material which is properly submitted as part of the complaint on a motion to dismiss...If

14  the documents are not physically attached to the complaint, they may be considered if the

15  documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.

16  Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record."

17  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth

18  Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which

19  permits us to take into account documents whose contents are alleged in a complaint and whose

20  authenticity no party questions, but which are not physically attached to the plaintiff's pleading."

21  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not

22  look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition

23  to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be

24  considered by the court in determining whether to grant leave to amend or to dismiss the

25  complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003),

26  citations omitted.

27          If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without

28  prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend

1  even if no request to amend the pleading was made, unless it determines that the pleading could

2  not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th

3  Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other

4  words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX,

5  Inc., 298 F.3d 893, 898 (9th Cir. 2002).

6

7                                          **III. Discussion**

8          Defendant argues that the second and third causes of action must be dismissed for failure

9  to state a claim and, in the alternative, that the statute of limitation has run out.  Defendant also

10  seeks to have Plaintiff provide more detail as to the first cause of action.

11

12  **A. Access To Disabled Parking**

13          Plaintiff alleges he "regularly purchases items at Wal-Mart, and company policy was and

14  is to encourage employees to shop and buy items from the store, which he has done on many

15  occasions" and that he "has been denied the right to park in the disabled parking spot, in

16  violation of [Section 51]." Doc. 20, Amended Complaint, at 3:13-16 and 6:1-2.  This allegation

17  forms part of the basis for Plaintiff's first cause of action (FEHA) and the sole basis for his

18  second and third causes of action (Cal. Bus. & Prof. Code §17200 and Cal. Civ. Code §51).  At

19  root, Plaintiff relies on Cal. Civ. Code §51(b) (part of the Unruh Civil Rights Act, "Unruh")

20  which states, "All persons within the jurisdiction of this state are free and equal, and no matter

21  what their sex, race, color, religion, ancestry, national origin, disability, medical condition,

22  marital status, or sexual orientation are entitled to the full and equal accommodations,

23  advantages, facilities, privileges, or services in all business establishments of every kind

24  whatsoever."

25          Under well settled law, "the Unruh Civil Rights Act has no application to employment

26  discrimination." Rojo v. Kliger, 52 Cal. 3d 65, 77 (Cal. 1990).  Plaintiff makes a claim that

27  Unruh applies as he is both a customer and employee of Defendant as opposed to only an

28

                                                 **4**

1  employee.[2]  In briefing, Plaintiff states only that "Defendant fails to cite a single case prohibiting

2  Plaintiff, as a customer and employee, from bringing an action for violation of Civil Code §51."

3  Doc. 23, Opposition, at 4:24-27.

4          Defendant argues that the operation of FEHA, which governs employment discrimination

5  and incorporates a well specified administrative claims procedure, precludes application of

6  Section 51 in this case: "Plaintiff's attempt to expand the subject matter scope of these statutes to

7  incorporate his disability discrimination claim under Unruh would create an end-run around the

8  administrative procedures of FEHA solely for disability discrimination claimants." Doc. 22,

9  Brief, at 6:23-25.  Defendant's argument is well supported in case law. See <u>Alcorn v. Anbro</u>

10  <u>Engineering, Inc.</u>, 468 P.2d 216, 220 (Cal. 1970) ("at the same session wherein it adopted the

11  language of section 51, the Legislature also enacted extensive provisions governing

12  discrimination in employment. The Fair Employment Practices Act declares that the opportunity

13  to seek, obtain and hold employment without discrimination is a civil right and provides for

14  administrative procedures for relief from such discrimination....Although the Fair Employment

15  Practices Act can not be deemed to have repealed any provisions of the Civil Rights Act we

16  conclude that the concurrent enactment of the former act indicated a legislative intent to exclude

17  the subject of discrimination in employment from the latter act"); <u>Bass v. County of Butte</u>, 458

18  F.3d 978, 982 (9th Cir. 2006) ("FEHA provides an administrative scheme to process claims of

19  employment and housing discrimination. The statute creates two administrative bodies--the

20  Department of Fair Employment and Housing, and the Fair Employment and Housing

21  Commission--to investigate, adjudicate, and redress discrimination claims. FEHA requires that

22  an aggrieved claimant exhaust the administrative remedies provided by those bodies before filing

23

24          [2]Plaintiff's factual allegations are not completely clear.  He does not specify if he was
denied use of the disabled parking space only when he came to work or if he was denied use of

25  the space altogether, even when he was not working and came in solely as a customer.  Plaintiff
does state "he personally has been harassed by a supervisor for shopping when he was not 'on the

26  clock.'" Doc. 20, Complaint, at 3:16-18.  This could mean that Plaintiff was not permitted to
park in the disabled spot when he came in solely as a customer and not as an employee, but that

27  allegation is not clear.  For the purposes of the analysis, the court assumes that Plaintiff is
alleging he was denied use of the parking space only when he was working at the store.

28

1   an action in state or federal court. By contrast, neither the Unruh Act nor the DPA contains a

2   comparable administrative scheme"); <u>Payne v. Anaheim Memorial Medical Center, Inc.</u>, 130 Cal.

3   App. 4th 729, 747 (Cal. App. 4th Dist. 2005) ("the issue of discrimination within the

4   employment relationship was excluded from [Unruh], not because it was undeserving of

5   attention, but because it was specifically addressed within a different statutory scheme").

6       In examining the interplay between Unruh and FEHA, there appear to be two approaches.

7   In cases where plaintiff's relationship with defendant is not clear cut, the Ninth Circuit has

8   concluded that "Unruh Act claims were appropriate where the plaintiff was in a relationship with

9   the offending organization similar to that of the customer in the customer-proprietor relationship

10  which the Act and its predecessors have most commonly covered." <u>Strother v. Southern Cal.</u>

11  <u>Permanente Medical Group</u>, 79 F.3d 859, 874 (9th Cir. 1996).  A California court, in dicta,

12  disagreed with <u>Strother</u>, finding that Unruh should apply when FEHA does not, even if the nature

13  of the relationship resembles that of employee-employer. See <u>Payne v. Anaheim Memorial</u>

14  <u>Medical Center, Inc.</u>, 130 Cal. App. 4th 729, 748 n.10 (Cal. App. 4th Dist. 2005).  Both

15  approaches lead to the same conclusion in this case.  First, the nature of Plaintiff's relationship

16  with Defendant at those times he is at the store working must be characterized as employee-

17  employer despite the fact that he might purchase some goods while on a break or during a lull.

18  Second, Plaintiff is plainly covered by FEHA; his first cause of action states a FEHA claim.

19      Thus, Plaintiff's second and third causes of action must be dismissed.  If Plaintiff alleges

20  that Defendant prohibited him from using the disabled parking spot when he came to the store

21  solely as a customer (for example, on his days off when he was not scheduled to be working),

22  then the analysis might be different.  Plaintiff is granted leave to clarify his factual allegations in

23  this regard.

24

25  **B. Statute of Limitations**

26      Defendant asserts the applicable statute of limitation for Cal. Civ. Code §51 is one year

27  citing to cases that do not discuss that section. Doc. 22, Brief, at 5:12-14.  The Ninth Circuit

28  made reference in dicta to the "three-year statute of limitations governing claims under the Unruh

1   Act." Olympic Club v. Those Interested Underwriters at Lloyd's London, 991 F.2d 497, 502 n.11

2   (9th Cir. 1993).  A more recent California case examined the question and noted that different

3   courts referred to different code sections as falling under Unruh; it concluded that "no single

4   statute of limitations applies to all. The one-year statute will apply to causes of action under

5   provisions that evolved from the common law; the three-year statute will apply to others." Gatto

6   v. County of Sonoma, 98 Cal. App. 4th 744, 757-60 (Cal. App. 1st Dist. 2002).  Cal. Civ. Code

7   §51(b) derives from common law and is subject to a one year statute of limitation. Id.  Gatto's

8   one year limitations period has been favorably cited by other courts. See Greenwald v. Bohemian

9   Club, Inc., 2008 U.S. Dist. LEXIS 44055, *17 (N.D. Cal. June 4, 2008); Wood v. Vista Manor

10   Nursing Ctr., 2006 U.S. Dist. LEXIS 76146, *15 (N.D. Cal. Oct. 5, 2006).  As Plaintiff does not

11   dispute Defendant's assertion that one year is the proper statute of limitation, the court adopts a

12   one year limitations period.

13          In this case, Plaintiff alleges "He has been ordered not to park in the designated Disabled

14   Persons parking spot, although he is [sic] been medically determined to be legally disabled since

15   2004." Doc. 20, Amended Complaint, at 2:18-19.  The statement is ambiguous.  One

16   interpretation is that Plaintiff was determined to be disabled and ordered not to park in the

17   designated spot in 2004.  Another interpretation is that Plaintiff was determined to be medically

18   disabled and ordered not to park in the designated spot at a later date.  Under the first

19   interpretation, the claim would be time barred.  Under the second, it may or may not be time

20   barred.  Plaintiff does not shed light on what his statement in the amended complaint meant in

21   his opposition brief.  In this circumstance, the claim should be dismissed with leave to amend to

22   allow Plaintiff to clarify his statement.

23

24   **C. Clarification of FEHA Claim**

25          Defendant seeks "clarification" of the FEHA claim under the argument that "Plaintiff

26   must set forth the specific provision of FEHA that Defendant violated." Doc. 22, Brief, at 9:19.

27   For support, Defendant cites to an inapplicable case dealing with FEHA burdens of proof at the

28   summary judgment stage of litigation. See King v. United Parcel Service, Inc., 152 Cal. App. 4th

1  426, 432 (Cal. App. 3d Dist. 2007).  Under Fed. R. Civ. Proc. 8(a)(2) and federal notice pleading

2  standards, Plaintiff need only provide "a short and plain statement of the claim showing that the

3  pleader is entitled to relief."  Here, Plaintiff sets out his age and disability, alleges Defendant

4  refused to promote him due to his age and disability, and asserts Defendant retaliated against him

5  after he complained. See Doc. 20, Amended Complaint, at 1:1-17 and 4:20-5:7.  These

6  allegations are sufficient to apprise Defendant of the nature of the claims; specific citation to

7  code sections is not required.

8

9                                    **IV. Order**

10        Defendant's motion to dismiss is GRANTED in part and DENIED in part.  The second

11  and third causes of action are DISMISSED with leave to amend.  Any amended complaint must

12  be filed within twenty (20) days.  If no amended complaint if filed by that date, Defendants are

13  directed to file an answer to this complaint (as narrowed by this order) within twenty (20) days of

14  that date.

15

16  IT IS SO ORDERED.

17  **Dated:      September 17, 2009              _____/s/ Anthony W. Ishii_____**
                                         CHIEF UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28