# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN, | 1:08-cv-00617 AWI GSA |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO PROHIBIT PLAINTIFF FROM ELICITING EXPERT TESTIMONY FROM IMPROPERLY DISCLOSED WITNESSES, OR ALTERNATIVELY, TO COMPEL PLAINTIFF'S PROPER EXPERT DISCLOSURE AND ALLOW AN ADDITIONAL FORTY-FIVE DAYS WITHIN WHICH DEFENDANT MAY COMPLETE EXPERT DISCOVERY |
| v. | |
| WAL-MART STORES, INC., and DOES 1-100, inclusive, | |
| Defendants. | |
| | (Document 55) |

**RELEVANT PROCEDURAL BACKGROUND**

On June 9, 2010, Defendant Wal-Mart Stores, Inc. filed its Motion to Prohibit Plaintiff from Eliciting Expert Testimony from Improperly Disclosed Witnesses, or, Alternatively to Compel Plaintiff's Proper Expert Disclosure and Allow Wal-Mart Forty-Five Days Thereafter to Complete Expert Discovery. The matter was originally calendared to be heard July 9, 2010. (Doc. 55-56.)

On June 16, 2010, this Court continued the hearing on the motion to July 23, 2010, due to its unavailability. (Doc. 57.)

1

On July 2, 2010, Plaintiff Zane Hardin filed his opposition to Defendant's motion. (Docs. 58-59.) On July 16, 2010, Defendant filed it's reply to Plaintiff's opposition. (Docs. 60-61.)

On July 20, 2010, this Court determined the motion was suitable for decision without oral argument; therefore, the July 23, 2010, hearing was taken off calendar and the matter was taken under submission pursuant to Local Rule 230(g).

## DISCUSSION

### A.   *Defendant's Motion*

Defendant moves this Court for an order prohibiting Plaintiff from eliciting expert testimony from improperly disclosed witnesses, or alternatively, to compel Plaintiff to properly disclose experts and permit Defendant an additional forty-five days within which to complete expert discovery. More particularly, Defendant contends Plaintiff's expert disclosure: (1) was late and improperly served, (2) discloses individuals who are not experts, (3) attempts to designate experts from unrelated matters wherein Wal-Mart is a named defendant, and (4) improperly designates fact witnesses as non-retained expert witnesses. (Doc. 55 at 1-5.)

### B.   *Applicable Expert Disclosure Deadlines*

This Court's scheduling order issued November 5, 2009, provides as follows:

> The parties have already exchanged initial disclosures. The parties are ordered to complete all discovery pertaining to non-experts on or before **April 15, 2010.** The parties are directed to disclose all expert witnesses, in writing, on or before **April 30, 2010.** The parties also shall disclose all supplemental experts on or before **May 14, 2010.** The written designation of experts <u>shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder</u>. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.
> The parties are directed to complete all expert discovery on or **before June 11, 2010.** The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

(Doc. 43, emphasis in original.)

2

### C. *Analysis*

#### 1. **Timeliness & Service Issues**

Defendant contends Plaintiff's expert disclosure was both untimely and improperly served. More particularly, Defendant argues Plaintiff's disclosure was late because it was sent via email on May 1, 2010, rather than via regular mail on April 30, 2010. Additionally, the disclosure document was defective because it was unsigned. (Doc. 55 at 5.) In reply, Plaintiff argues that his expert disclosure "was early" because it was e-mailed on May 1, 2010, and therefore was received earlier than if it had been sent via regular mail on April 30, 2010. (Doc. 58 at 2-3 & Doc. 59, ¶ 7.)

A review of the pleadings demonstrates that Plaintiff failed to comply with the expert disclosure deadline as outlined in this Court's scheduling order. Plaintiff missed the "on or before April 30, 2010," deadline. Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure provides that "[a] party must make these disclosures at the times and in the sequence that the court orders." Plaintiff did not disclose experts "at the times and in the sequence" as provided for in the November 5, 2009, scheduling order. Rather, Plaintiff sent an undated and unsigned expert disclosure, via email on Saturday, May 1, 2010, at 5:38 p.m. (*See* Doc. 56, Ex. B.)[1]

Rule 26(g)(1) requires that every disclosure document "must be signed," and further, the signature acts as a certification that the document is complete and correct to the best of the signor's belief. Plaintiff failed to sign the expert disclosure document. Plaintiff merely states that because his disclosure was an attachment to an email "it could not be signed." (Doc. 58 at 2.) This assertion is unpersuasive. This Court's Local Rules provide for electronic signatures and the Court cannot conceive of a reason why an electronic signature could not appear on Plaintiff's expert disclosure even as an attachment to an email. *See* Local Rule 131.

---

[1] Plaintiff's counsel's declaration also indicates that the hard copy mailed May 1, 2010, was directed to defense counsel's prior address in error, and therefore, the document was returned (presumably by the postal service) and subsequently forwarded to counsel at the proper address. (*See* Doc. 59, ¶¶ 8-9.)

3

### 2. Compliance with Rule 26

Defendant further claims Plaintiff's expert disclosure is inadequate because it designates fact witnesses as expert witnesses, designates unidentified persons in other, unrelated matters involving Wal-Mart as non-retained experts, and otherwise circumvents the requirements of Rule 26. (Doc. 55 at 5.)

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.[2]
> (B) *Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report - prepared and signed by the witness - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

#### i. Other Wal-Mart Experts

Defendant argues that Plaintiff attempts to list experts used in other cases against Wal-Mart improperly. (Doc. 55 at 6.) For example, Plaintiff's expert disclosure at number eleven states as follows:

> Plaintiff also identifies the expert witnesses identified in the cases of Dukes v. Wal-Mart or Crowell v. Wal-Mart, Inc. and *EEOC v. Wal-Mart Stores, Incorporated, dba Sam's Club, et al*, Case No. 09-CV-008004 and EEOC v. Wal-Mart, Civil Action No.: 1:10-cv-00075, and in the suits brought by Steve Bradly,

---

[2]Rule 702 concerns the testimony of experts; rule 703 pertains to the bases of opinion testimony by experts; rule 704 concerns opinions on ultimate issues.

4

1   Pam Huber, Patrick Brady, Jeremy Fass, William Darnell and John Runza; and
2   *Daryal Nelson and Tommy Armstrong v. Wal-Mart, Inc.*

3   (Doc. 56, Ex. B at 2-3, emphasis in original.)

4   As a preliminary matter, the parties are reminded that hearsay evidence is not admissible
5   subject to few exceptions.  Fed. R. Evid. 802.  Moreover, those exceptions do not appear
6   applicable here.  *See* Fed. R. Evid. 803.

7   Plaintiff's disclosure fails to comply the requirements of Rule 26.  It appears that Plaintiff
8   is attempting to use experts named in other cases against Wal-Mart as experts in this case.  First,
9   Plaintiff fails to provide names for those persons he references as expert witnesses from the other
10  cases.  Merely referring the opposing party to unidentified experts that third parties have retained
11  in other litigation is clearly not sufficient.  Further, the Court is unpersuaded by Plaintiff's
12  argument that he does not have to provide the information because Wal-Mart must have it.  Rule
13  26 does not provide a mechanism whereby Plaintiff can simply avoid discovery obligations by
14  pointing opposing counsel to other cases for information.  Second, Rule 26 does not provide that
15  if information is allegedly available to opposing counsel, such availability waives the opposing
16  party's obligation to provide the information in the first instance.  Plaintiff's position in this
17  regard is completely contrary to the spirit of discovery.  Third, as noted above, Plaintiff's
18  disclosure totally ignores the basic evidentiary principle of hearsay.

19  Finally, a number of points need to be made with regard to Plaintiff's assertion that the
20  unidentified "experts in other Wal-Mart cases" are non-retained, and thus a report is not required.
21  (Doc. 58 at 8-9.)  A clear distinction exists "between the 'retained' class of experts and the
22  unretained class of experts.  While all experts must be disclosed under Rule 26(a)(2)(A), only
23  'retained' experts must provide Rule 26(a)(2)(B) reports." *Sprague v. Liberty Mutual Insurance*
24  *Co.*, 177 F.R.D. 78, 81 (D. N.H. 1998).  As the Advisory Committee's Notes to Rule 26(a)(2)
25  reflect, the principle purpose of the rule is to permit a "reasonable opportunity to prepare for
26  effective cross examination and . . . arrange for expert testimony from other witnesses.  Fed. R.
27
28                                                                  5

Civ. P. 26(a)(2), 1993 amendment, ¶ (2).  As noted in *Sprague*:

> The unretained experts, who formed opinions from pre-litigation observation, invariably have files from which any competent trial attorney can effectively cross-examine.  The retained expert, who under the former interrogatory rule frequently provided sketchy and vague answers, has no such files and is thus required to provide the report to enable effective cross-examination.  This reading puts unretained experts, because of their historical file, and retained experts, because of the required report, on equal footing for cross-examination purposes.

*Sprague v. Liberty Mutual Insurance Co.*, 177 F.R.D. at 81.

It is not a party's label assigned to a witness, e.g., non-retained, that controls.  Rather, the testimony to be offered controls the retention designation.  Plaintiff's designation of these witnesses as non-retained does not provide Defendant with a reasonable opportunity for cross examination.  Here, because Plaintiff has failed to identify the witnesses with specificity, nor has he adequately supported his contention that these witnesses are non-retained experts, this Court will recommend that Plaintiff's unidentified experts, involving this defendant in other unrelated litigation, be prohibited from offering expert testimony in this matter.

### ii. Greg Maul

Next, Defendant contends that Plaintiff's disclosure of Greg Maul as a non-retained expert does not comply with the requirements of Rule 26.  (Doc. 55 at 7.)  Plaintiff's opposition references Mr. Maul as "a recent former employee" who "can testify that in his opinion Zane was qualified for manger [*sic*] position, that Zane was great with customers, [and] about how others were promoted and Zane was not."  (Doc. 58 at 6 & Doc. 59, ¶ 23.)

A fact witness is not an expert witness.  If Mr. Maul's testimony will involve "scientific, technical, or other specialized knowledge," then he must be identified as an expert witness and any report should have been produced.  Fed. R. Evid. 702; *see also United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (holding that opinion by lay witness on observations that were not "common" but required demonstrable expertise was improper).  Where employees have no connection to specific events involved in an action, or the employees have reviewed

1  information or documents in preparation of litigation, expert reports must be produced. *Prieto v.*
2  *Malgor*, 361 F.3d 1313, 1318-19 (11th Cir. 2004) (requiring police officer to produce an expert
3  report before testifying on the appropriateness of level of force exhibited by officers when his
4  testimony was based exclusively on his review of police reports and depositions); *McCulloch v.*
5  *Hartford Life and Acc. Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004) (finding that testimony
6  regarding the adequacy of performance requires an expert report); *Funai Elec. Co. v. Daewoo*
7  *Elec. Corp.*, 2007 WL 108972 at *5 (N.D. Cal. Apr. 11, 2007) (concluding that technical
8  evaluations based on documents reviewed solely for litigation purposes require production of an
9  expert report).

10  Plaintiff indicated Mr. Gaul would testify that Plaintiff was qualified to hold the position
11  of manager. Because demonstrable expertise would be required for such an opinion - and no
12  report has been provided - this Court will recommend against permitting Mr. Gaul's expert
13  testimony. Mr. Gaul however would be permitted to testify as a lay witness regarding his
14  personal observations of Plaintiff's performance.

### iii.   Susan K. Thompson

16  Defendant argues Plaintiff cannot avoid the requirements of Rule 26(a)(2)(B) by referring
17  to Susan K. Thompson, a certified public accountant, as non-retained. Defendant argues that if
18  Plaintiff intends to offer the testimony of Ms. Thompson, described by Plaintiff "as a 'court
19  certified expert on valuing the loss in employment benefits', then Ms. Thompson would "clearly
20  be a retained expert thereby obligating Plaintiff to comply with Rule 26(a)(2)'s disclosure
21  requirements." (Doc. 55 at 7-8.) In his opposition to Defendant's motion, Plaintiff indicates that
22  Ms. Thompson "is another nonretained expert, that can provide expert testimony about how to
23  calculate employment financial loss." (Doc. 58 at 9.) In counsel's declaration in support of
24  Plaintiff's opposition, Mr. Shephardson declares as follows:

25  > SUSAN K. THOMPSON, CPA, CFF - She is another nonretained expert,
26  > and has not been specially employed, as is true with all the other experts listed.
    > She has expertise in calculating employment financial losses, and has indicated a

7

    willingness (although there is no obligation to) to provide[] her opinions in this case.

(Doc. 59, ¶ 19.) Finally, Plaintiff's Supplemental Expert Disclosure states that "it is anticipated [Ms. Thompson's] testimony may be necessary for proving up the amount of Plaintiff's needless financial loss caused by Wal-Mart's wrongful actions." (Doc. 56, Ex. I.)

    Plaintiff cannot have it both ways. Either an expert will testify and provide a report, or will act as a consultant to counsel and not testify at trial. "The mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702." *U.S. v. Figueroa-Lopez*, 125 F.3d at 1246. "The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'" *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 2999 (D. Nev. 1998). It appears Ms. Thompson's testimony will concern her opinion regarding valuation of Plaintiff's "employment financial loss," thus, a report is required. A report has not been provided in compliance with Rule 26(a)(2)(B), and thus, this Court will recommend Ms. Thompson not be permitted to testify as an expert in this matter.

### iv.   Dr. Bielby

    Plaintiff has identified William Bielby as a non-retained expert. (Doc. 56, Exs. B & I.) Defendant contends Plaintiff's disclosure of Dr. Bielby as a non-retained expert is improper because it does not comply with Rule 26(a)(1) regarding the intended subject of testimony, and the report Plaintiff provided is hearsay. (Doc. 55 at 7.) In opposition, Plaintiff states that

> previous to this suit [Dr. Bielby] authored a public report in Dukes v. Wal-Mart (Largest class action in history). He already has opinions regarding Wal-Mart's Business structure, and how it fosters discrimination, not merely gender discrimination. Moreover, his opinions are relevant to a pattern and practice of discrimination that supports Plaintiff's causes of action[], and claim for punitive damages. Wal-Mart is well aware of his report, and it is posted on the Internet at: walmart.walmartclass.com/websys94.pl?wsi=0&websys_screen=all_report [citation]. Plaintiff has provided Wal-Mart's counsel with a Copy of the Bielby Report [citation] with the May 14, 2010, Supplemental Disclosure. Contrary to Wal-Mart's assertion, Dr. Beilby [*sic*] need not be retained.

(Doc. 58 at 6-7.) Plaintiff asserts that the report contains a number of "admissions by Wal-Mart

8

about its processes" and thereafter identified nine ways in which Dr. Bielby's opinion is relevant to the instant matter. (Doc. 58 at 7-8.)

Dr. Bielby's report in the Dukes v. Wal Mart class action litigation is hearsay and cannot be used at trial as a substitute for live testimony. Fed. R. Evid. 802.

As previously noted, opinions or reports of experts retained in other cases involving the same defendant are not relevant to *this* action. If Dr. Bielby's testimony is to be offered in an expert witness capacity, a written report generated for purposes of *this* litigation rather than some other litigation should have been provided. The plain language of Rule 26(a)(2)(B) includes the following: "a written report - prepared and signed by the witness . . . to provide expert testimony *in the case* . . . ." The rule does not state "in a case" or "in any case."

Notably too, the report that was provided, having been generated during the course of unrelated other litigation, does not allow for the effective cross-examination of witnesses because it is not fact specific to this matter. Permitting Dr. Bielby's testimony as an expert would not allow Defendant a reasonable opportunity to prepare for cross-examination. *Sprague v. Liberty Mutual Insurance Co.*, 177 F.R.D. at 81. For all of the foregoing reasons, it will be recommended that Dr. Bielby's testimony as an expert witness be precluded.

**v.     Fact Witnesses**

Defendant contends a number of persons identified as Plaintiff's experts are not in fact experts because they "do not fit the evidence code's definition of expertise." This includes Plaintiff's references to the persons most knowledgeable from Wal-Mart in eight separate areas, as well as Plaintiff himself, Tom Young, Eleno Bernal, Don Wallis, Mike Gilliam, and "Mr. Smoot." (Doc. 55 at 7-8.)

Plaintiff characterizes these witnesses as fact witnesses, yet indicates that he, Young, and Bernal will testify "on store policies and procedures, and violations thereof, *the discrimination and harassment* [Plaintiff] *has been subjected to, and his financial losses caused by Wal-Mart's*

9

*wrongful conduct.*"  (Doc. 56, Exs. B & I.)

  Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Expert testimony is testimony based on scientific, technical, or other specialized knowledge that will assist the trier of fact in reaching a decision on an issue. *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995).  Plaintiff, Young and Bernal - all Wal-Mart employees or former employees - do not have scientific, technical or specialized knowledge that would permit them to testify as experts regarding discrimination and harassment, or Plaintiff's purported financial losses.  Additionally, were this Court to find Plaintiff, Young and Bernal could testify as expert witnesses, reports would be required:

> [T]he majority of courts take the broader view that whenever an employee of a party gives expert testimony, even if outside the normal scope of his or her employment, the producing party must provide an expert report. [Citations.] Courts broadly interpreting Rule 26 emphasize that it is inconsistent with the spirit of the rule to exclude a category of expert trial witnesses from having to produce reports. [Citations.]

*National Railroad Passenger Corporation v. Railway Express, LLC*, ___ F.R.D. ___, 2010 WL 724016 (D. Md. Feb. 24, 2010).

  Additionally, the Court notes neither Plaintiff's original, untimely disclosure nor his supplemental disclosure provide any information beyond a name for Mr. Wallis, Mr. Smoot and Mr. Gilliam.  The disclosure is incomplete.  *See* Fed. R. Civ. P. 26(a)(1)(i).

  To the degree Plaintiff intends any of the aforementioned witnesses to testify as experts, he has failed to provide a report or otherwise comply with the applicable Rule 26 disclosures for such witnesses.  Therefore,  this Court will recommend that these witnesses not be permitted to testify as expert witnesses but only be allowed to testify as to facts they personally observed as

percipient witnesses to Plaintiff's employment.

### vi.      Treating Physicians

Defendant asserts that Plaintiff has named his treating physicians as non-retained experts by "simply list[ing] their names." Defendant contends "the subject of the witness's testimony" is required by Rule 26(a)(2). (Doc. 55 at 8.) In his opposition to Defendant's motion, Plaintiff simply states that "Wal-Mart already has the contact information for them as Zane's medical records from them have been subpoenaed and produced." (Doc. 58 at 6.)

Plaintiff has failed to indicate the subject matter of the testimony to be offered by his treating physicians, and the disclosure does not speak to the content of his treating physicians' testimony. (*See* Doc. 56, Exs B & I.) "Rule 26(a)(1) disclosures are not in lieu of Rule 26(a)(2)(A) disclosure" (*Vigilant Insurance v. East Greenwich Oil Co.*, 234 F.R.D. 20, 22 (D. R.I. 2006)) and vice versa.

Nevertheless, it will be recommended that Plaintiff's treating physicians be permitted to testify as experts. *See Sprague v. Liberty Mutual Insurance Co.*, 177 F.R.D. at 81 (the majority of courts have concluded that Rule 26(a)(2)(b) reports are not required of a treating physician expressing an opinion as to causation, diagnosis, prognosis and extent of disability based upon treatment).

### 3.      Request for Sanctions

As a result of the aforementioned violations, Defendant requests Plaintiff be prohibited from using these witnesses' testimony as expert testimony at trial. (Doc. 55.)

Rule 37(c)(1) provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v.*

11

*Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).

As noted earlier, a party who fails to properly disclose its experts and their reports may be barred from using any of the expert's direct testimony unless there was "substantial justification" for the failure to disclose or the failure was "harmless." Fed. R.Civ.Proc. 37(c)(1).  In determining whether this action should be imposed, the burden is on the party facing the sanction to prove harmlessness.  *Torres v. City of Los Angeles*, 548 F. 3d 1197 (9th Cir. 2008) (quoting, *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d at 1107).  The Ninth Circuit Court of Appeals gives wide latitude to a district court's exercise of discretion to issue sanctions for failure to disclose an expert.  *Yeti*, 259 F. 3d at 1106.  Exclusionary sanction based on discovery violations are generally improper absent undue prejudice to the opposing side.  *Amersham Pharmacia Biotech, Inc., v. Perkin*, 190 F.R.D. 644, 648-49. (N. D. Cal. 2000).

Some courts have held that when considering whether to exclude the expert testimony, the court should examine: (1) the explanation, if any, for the failure to disclose; (2) prejudice to the opposing party; (3) the potential for curing the breach by granting a continuance; and (4) the importance of the testimony.  *See Barett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Sierra Club Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F. 3d 546, 572 (5th Cir. 1996), *cert. denied*, 519 U.S. 811, 117 S. Ct. 57 (1996).

Here, Plaintiff does not offer any explanation for his failure to disclose experts as required in the scheduling order.  Rather, he offers excuses or simply asserts he has complied with the rule.  Thus, there is nothing for the Court to consider and Plaintiff's failure to properly disclose his experts is not substantially justified, nor is it harmless.  Second, despite Plaintiff's

assertion to the contrary, Defendant is prejudiced where the pretrial conference in this matter is set for September 9, 2010, and the jury trial is scheduled to commence October 26, 2010.  Third, this Court is not inclined to modify its scheduling order at this late date.  Finally, the Court has considered the importance of the expert testimony disclosed by Plaintiff.  Plaintiff has identified persons as potential experts yet qualifies them as "nonretained" or would have this Court permit expert testimony to be offered in the absence of a written report generated for purposes of this litigation.  It seems clear that if the testimony were important to Plaintiff's case, he would have been mindful of this Court's scheduling order, as well as the specific requirements of Rule 26.  Moreover, despite technical deficiencies in some areas, it will be recommend that expert testimony be permitted by Plaintiff's treating physicians due to its importance.

**CONCLUSION AND RECOMMENDATIONS**

Plaintiff's expert disclosure was untimely and incomplete.  Based on the foregoing, this Court recommends as follows:

1. Plaintiff be prohibited from offering the expert testimony of "other" Wal-Mart experts, or experts designated in other unrelated litigation involving this defendant, such as those referenced in Plaintiff's untimely May 1, 2010, disclosure (*see* subheading 2i, *ante*);

2. Plaintiff be prohibited from offering the expert testimony of Mike Gaul;

3. Plaintiff be prohibited from offering the expert testimony of Susan K. Thompson;

4. Plaintiff be prohibited from offering the expert testimony of William Bielby; and

5. Plaintiff be prohibited from offering the expert testimony of unidentified persons most knowledgeable from Wal-Mart, himself, Tom Young, Eleno Bernal, Don Wallis, Mike Gilliam or Mr. Smoot.  It is noted that to the degree Plaintiff, Young, Bernal, Wallis, Gilliam and/or Smoot may testify as to matters personally observed, such lay testimony would not be precluded;

It is additionally recommended that Plaintiff be permitted to offer the expert testimony of his treating physicians.

These findings and recommendations are submitted to the district judge assigned to this action pursuant to Title 28 of the United States Code section 636(b)(1)(B. Within ten (10) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __August 25, 2010__          _____/s/ Gary S. Austin_____
                                      UNITED STATES MAGISTRATE JUDGE