# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN, | 1:08-cv-00617 AWI GSA |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| v. | |
| WAL-MART STORES, INC., and DOES 1-100, inclusive, | (Document 73) |
| Defendants. | |

On June 9, 2010, Defendant Wal-Mart Stores, Inc. filed its Motion to Prohibit Plaintiff from Eliciting Expert Testimony from Improperly Disclosed Witnesses, or, Alternatively to Compel Plaintiff's Proper Expert Disclosure and Allow Wal-Mart Forty-Five Days Thereafter to Complete Expert Discovery. On July 2, 2010, Plaintiff Zane Hardin filed his opposition to Defendant's motion. (Docs. 58-59.) On July 16, 2010, Defendant filed its reply to Plaintiff's opposition. (Docs. 60-61.)

On August 25, 2010, the Magistrate Judge issued Findings and Recommendations that Defendant's motion be granted in part and denied in part. More specifically, the Magistrate Judge recommended that Plaintiff be prohibited from (1) offering the expert testimony of "other"

1

1  Wal-Mart experts, or experts designated in other unrelated litigation involving this defendant,
2  such as those referenced in Plaintiff's untimely May 1, 2010, disclosure; (2) offering the expert
3  testimony of Greg Maul[1]; (3) offering the expert testimony of Susan K. Thompson; (4) offering
4  the expert testimony of William Bielby; and (5) offering the expert testimony of unidentified
5  persons most knowledgeable from Wal-Mart, himself, Tom Young, Eleno Bernal, Don Wallis,
6  Mike Gilliam or Mr. Smoot.  Lastly, the Magistrate Judge recommended that Plaintiff be
7  permitted to offer the expert testimony of his treating physicians.  The Findings and
8  Recommendations were served on all parties.  On September 8, 2010, Plaintiff filed his
9  objections to the Magistrate Judge's Findings and Recommendations.  (Doc.87.)
10         In accordance with the provisions of Title 28 of the United States Code section 636
11 (b)(1)(c), this Court has conducted a *de novo* review of the case.  Plaintiff's expert disclosure is
12 untimely.  Though the delay is minor, Plaintiff did violate the deadline.  Putting that aside,
13 Magistrate Judge Austin identified several substantive errors in Plaintiff's disclosures.  Broadly,
14 Plaintiff claims that a number of witnesses are non-retained experts for whom Plaintiff does not
15 need to produce Rule 26 reports.  Plaintiff seeks to have William Bielby and other unnamed
16 persons who testified as experts in other cases involving Wal-Mart testify in this case.  Plaintiff
17 theorizes that since these individuals have already testified against Wal-Mart in the past, no Rule
18 26 report need be produced.  Plaintiff has provided no support for this proposition.  In fact, there
19 is no indication that these individuals have cooperated with Plaintiff.  Plaintiff appears to be
20 seeking to have them "subpoenaed to appear at trial." Doc. 87, Plaintiff's Objections, at 6:14.
21 Plaintiff seeks to present the testimony of Susan Thompson, an expert on calculating
22 employment financial losses.  Plaintiff admits that "She has not been provided any written
23 materials about Zane. She was disclosed as a nonretained expert to educate the jury on how job
24 benefit losses are calculated." Doc. 87, Plaintiff's Objections, at 9:2-4.  Plaintiff appears to argue

---

[1] A typographical error appears in the Findings and Recommendations wherein this witness is referred to as Mike Gaul. *Cf.* Doc. 73 at 6-7 & Doc. 73 at 13.

that no Rule 26 report is necessary since Ms. Thompson knows nothing about the facts of this case. Under that rationale, Ms. Thompson's testimony would not be relevant. To the extent that she would opine about Plaintiff's specific situation, a Rule 26 report is necessary. Plaintiff seeks to have Greg Maul, Tom Young, Eleno Bernal, Don Wallis, Mike Gilliam, Mr. Smoot, and Plaintiff himself testify as experts in Wal-Mart operations. These individuals are all current and former employees of Wal-Mart and may be valid fact witnesses. Plaintiff has provided no showing that these individuals qualify as experts. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued August 25, 2010, are ADOPTED IN FULL;
2. Plaintiff may not offer the *expert* testimony of "other" Wal-Mart experts, Greg Maul, Susan K. Thompson, William Bielby, unidentified persons most knowledgeable from Wal-Mart, Tom Young, Eleno Bernal, Don Wallis, Mike Gilliam, Mr. Smoot or Plaintiff himself;
3. Plaintiff shall be permitted to the offer the expert testimony of his treating physicians.

IT IS SO ORDERED.

Dated:   September 15, 2010

CHIEF UNITED STATES DISTRICT JUDGE