UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN, ) | CIV-F-08-0617 AWI GSA |
| ) | |
| Plaintiff, ) | ORDER RE: DEFENDANT'S |
| ) | MOTION FOR SUMMARY |
| v. ) | JUDGMENT |
| ) | |
| WAL-MART STORES, INC.; and DOES ) | |
| 1-100, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Zane Hardin has been employed by Defendant Wal-Mart as a sales associate since 2001. He is currently in his late 60s. In 2004, he suffered a back injury while on the job and has been determined to be disabled. Since that time, Plaintiff alleges he applied for several promotions which went to younger less qualified candidates. Plaintiff also alleges that he has been mistreated by supervisors and denied the use of a disabled parking spot.

Plaintiff filed this case in state court on March 20, 2008. Defendant removed the action to federal court based on diversity jurisdiction. The case went through two motions to dismiss which were granted in part and denied in part. Plaintiff's Second Amended Complaint ("SAC") was filed October 7, 2009. Doc. 39. The SAC is the operative complaint and states three causes of action: (1) employment discrimination based on age and disability in violation of California's Fair Employment and Housing Act ("FEHA") and some form of retaliation; (2) refusing to allow disabled employees to use disabled parking on both work days and non-work days in violation of

1  California's Business & Professions Code §17200; and (3) refusing to allow disabled employees
2  to use disabled parking on non-work days (when they are solely customers) in violation of
3  California Civil Code §51.
4     Defendant filed a motion for summary judgment on July 16, 2010. Doc. 62.  Plaintiff
5  filed an opposition on September 6, 2010. Doc. 71.  Due to inadequate notice, the hearing date
6  was ultimately moved from August 23, 2010 to September 20, 2010. Docs. 67 and 74.
7  Defendant filed a reply on September 14, 2010. Doc. 91.  The summary judgment motion was
8  taken under submission without oral argument; the trial date of October 26, 2010 was vacated as
9  there was insufficient time for trial preparation. Doc. 92.  Plaintiff then filed an ex parte
10 application to augment the record and respond to Defendant's reply on September 21, 2010.
11 Docs. 95 and 97.  Defendant immediately filed an objection to the surreply. Doc. 98.
12    In the reply, Defendant argued, "Plaintiff raises several new claims in his Opposition
13 which were not alleged in pleadings and can therefore not properly rely on those here. This
14 includes Plaintiff's references to 'recent' alleged harassment/discriminatory conduct by Wal-
15 Mart. Wal-Mart also objects to Plaintiff's reliance on the Vehicle Code which has never before
16 been pled. Plaintiff cites to Vehicle Code §§ 22511.7-8 in his Opposition though he has not pled
17 a violation of those statutes in the operative Complaint....Alternatively, if the Court considers
18 Plaintiff's new facts for the MSJ, Wal-Mart hereby requests that these facts alluded to by
19 Plaintiff be reflected in an amendment to the Complaint and that the hearing on the MSJ be
20 continued to allow Wal-Mart to conduct discovery on the additional allegations." Doc. 91, Reply,
21 at 9:25-10:8.  Plaintiff responded that "Plaintiff has offered additional evidence to support the
22 existing causes of action, and to show a pattern of conduct for punitive damages." Doc. 97,
23 Plaintiff's Surreply, at 2:22-24.  Defendant objected to Plaintiff's surreply and request to
24 augment the record, asking for an opportunity to file a response should the court decide to
25 consider the ex parte filings. Doc. 98, Defendant's Objection, at 2:23-26.
26    The SAC was filed on October 7, 2009.  Since that time, Plaintiff has alleged that a new
27 store manager has cut his hours below a key threshold, an assistant manager has forbidden
28 Plaintiff to park in the disabled parking spot under threat of termination, another assistant

manager has forbidden Plaintiff to wear a hat on the job though other employees are permitted, and a stool Plaintiff has used at work to alleviate his back problems has gone missing. Doc. 75, Plaintiff's Separate Statement, at 24-25 (Facts 18 through 22).  Defendant objects to consideration of this evidence, stating "The Court should not consider this fact because it is based on a new claim that was not previously pleaded." Doc. 91, Part 2, Defendant's Reply to Plaintiff's Separate Statement, at 30:19-32:28.  A significant portion of Plaintiff's opposition to the summary judgment motion is encompassed in these allegations.

   Plaintiff's allegations could be considered new theories for relief under existing causes of action or they could be considered evidence in support of the existing causes of action.  The court is concerned with the possibility that putting limits on the use of post-SAC evidence could result in a fragmentation of claims, giving rise to a second suit.  Every theory of liability must be encompassed in the operative complaint.  In opposing summary judgment, plaintiffs may not rely on new claims or new theories under a claim that was plead in the complaint.  In one case from the Western District of Washington, the plaintiff alleged retaliatory discharge due to his filing of a workers compensation claim.  At summary judgment, the court concluded that the plaintiff "asserts for the first time a retaliation claim based on reporting of safety concerns. This claim is not contained in Ross' complaint, nor supported by his deposition testimony. Ross cannot defeat summary judgment by raising new claims in response." Ross v. Fred Meyer Stores, Inc., 2010 U.S. Dist. LEXIS 98746, *16 n.1 (W.D. Wash. Sept. 20, 2010).  Similarly, the Central District of California found, "Unless a plaintiff includes allegations in her complaint or informs the defendant before the close of discovery of her intent to rely on previously undisclosed allegations, she may not assert them for the first time in opposing summary judgment." McKinney v. Am. Airlines, Inc., 641 F. Supp. 2d 962, 982 (C.D. Cal. 2009), citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1291-94 (9th Cir. 2000).  New factual allegations that support an existing cause of action can be problematic: "In response to the motion for summary judgment, Pickern raised issues of ADA violations that went beyond a failure to provide a ramp. Pickern attempts to justify these new factual allegations as falling within the original complaint under Rule 8's liberal notice pleading standard. The district court did not err by holding that

3

1 | Pickern failed to provide the Appellees with adequate notice of these new allegations." <u>Pickern v.
2 | Pier 1 Imps. (U.S.), Inc.</u>, 457 F.3d 963, 968 (9th Cir. 2006).

3 |     Given the dispute over the nature of Plaintiff's new allegations, the safest course of action
4 | is to allow amendment of the SAC to conform to the evidence. "An addition of new issues
5 | during the pendency of a summary judgment motion can be treated as a motion for leave to
6 | amend the complaint. A district court's denial of leave to amend is reviewed for an abuse of
7 | discretion, keeping in mind the strong policy in favor of allowing amendment, and considering
8 | four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of
9 | amendment." <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994), citations omitted; see also
10 | <u>Grisham v. Philip Morris, Inc.</u>, 670 F. Supp. 2d 1014, 1022-23 (C.D. Cal. 2009) ("the Court will
11 | not dismiss the action because of Plaintiff's failure to formalistically conform her pleadings to
12 | her later-discovered evidence....The Court accordingly treats Plaintiff's Opposition to
13 | Defendants' Motion for Summary Judgment as a motion for leave to amend the complaint to
14 | conform to evidence"). In its reply, Defendant itself requested amendment of the complaint and
15 | additional discovery, indicating a lack of prejudice. All trial dates have already been vacated.
16 | Amendment and an expedited discovery and dispositive motions schedule should not unduly
17 | delay resolution of this case.

18 |     IT IS ORDERED that Plaintiff file a new complaint that conforms to the evidence within
19 | fifteen (15) days. Defendant's motion for summary judgment is DENIED without prejudice.
20 | IT IS SO ORDERED.

Dated:   November 23, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE