IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN, | CASE NO. 08-CV-0617 AWI BAM |
| Plaintiff, | **ORDER ON DISCOVERY MOTIONS; DOCUMENTS; RULE 30(b)(6) DEPOSITION; EXPAND NUMBER OF DEPOSITIONS** |
| vs. | (Doc. 140, 146/150, 149) |
| WAL-MART STORES, INC. | |
| Defendant. | |

## OVERVIEW

This case involves plaintiff Zane Hardin's claims against defendant Wal-Mart Stores, Inc. for age and disability discrimination and retaliation, among other claims. Two motions are pending before this Court. The first motion is plaintiff's motion to compel: (a) Wal-Mart to produce a Rule 30(b)(6) deponent(s) pursuant to a 30(b)(6) notice, (b) leave to extend the number of fact depositions from 10 to 15, ( c) Wal-Mart to produce Ms. Susan Chambers for deposition, and (d) compel document production related to Ms. Chambers' memo. At issue is the "Chambers memo," authored by Susan Chambers in September 2005. Ms. Chambers is a Vice President of Wal-Mart. The Chambers memo purports to outline a strategy for Wal-Mart to reduce health care costs by making full time employees part-time and restraining hiring to "healthy" workers. The second motion before the Court is Wal-Mart's motion for a protective order to protect it from responding to any of the discovery which is the subject of plaintiff's motion to compel.

The Court conducted an informal discovery conference on December 1, 2011 and indicated its tentative ruling. Plaintiff appeared by telephone by counsel John Shepardson. Defendant appeared by telephone by counsel Gregory Spallas. This matter is submitted on the pleadings following oral

1  argument, and the hearing set for December 16, 2011 is VACATED.

2        The Court conducted an informal discovery conference, in part, because of the tortured
3  procedural history of this case, in what should be a straightforward employment discrimination case. The
4  case has gone through three rounds (and three years worth) of motions to dismiss, amended complaints,
5  and a motion for summary judgment, all before any substantive discovery was done. All motions were
6  heavily opposed and involved several extensions of time on behalf of the Court or the parties. A new
7  complaint was filed on December 10, 2010, and the operative answer was not filed until May 9, 2011.
8  Any other dates set before the current scheduling order filed June 16, 2011, were all set, and reset again
9  to accommodate the motions to dismiss and the related filings. The Court therefore takes a practical
10 approach to resolving this, and future, discovery disputes.

### The Rule30(b)(6) Notice

12       Plaintiff served a "person most knowledgeable" deposition notice, pursuant to Federal Rule of
13 Civil Procedure 30(b)(6) in November 2011 listing forty-one topics for witnesses. Wal-Mart objected
14 to many of the topics.

15       Rule 26(b) of the Federal Rules of Civil Procedure authorizes a party to obtain discovery
16 regarding any nonprivileged matter that is relevant to any party's claim or defense. A Rule 30(b)(6)
17 deposition notice requires the responding party to prepare a designated representative so that he or she
18 can testify on matters not only within his or her personal knowledge, but also on matters reasonably
19 known by the responding entity. Rule 30(b)(6) requires that the notice of deposition or subpoena
20 describe with "reasonable particularity" the matters for examination.

21       Plaintiff's 30(b)(6) notice identified matters or categories for deposition which Wal-Mart
22 objected to:

23       (12) Whether Wal-Mart has implemented changes outlined in its said memos, which
24 causes the company to deny Zane, and other Wal-Mart employees, their legal right to a
25 reasonable accommodation, agreed upon schedules, and denies health insurance and other benefits.

26       (13) Has Wal-Mart implemented a policy to convert workers to part-time status to
27 reduce health care costs?

28       (14) Has Wal-Mart implemented a policy to dissuade the hiring of less healthy

1 workers?

2    (15) Has Wal-Mart implemented a policy to discourage the hiring of persons with
3 disabilities?

4    (16) How has Wal-Mart implemented its policy to hire healthy workers, while still not
5 discriminating against employees with disabilities and the elderly?

6    (17) Does Wal-Mart have a hiring policy that discourages the hiring of the elderly or
7 disabled?

8    (18) Has Wal-Mart created financial incentives to managers to avoid hiring the
9 disabled or elderly?

10    (26) Have Wal-Mart's policies and procedures failed to eliminate barriers for equal
11 employment opportunity at Wal-Mart?

12 The Rule 30(b)(6) notice also requested that Wal-Mart designate a person to address specific
13 implementation of the various recommendations in the Chambers memo. (Doc. 140 p.6.)

14    Plaintiff contends that aggregating his requests in a Rule 30(b)(6) deposition is an efficient and
15 acceptable method of working within the ten-deposition-per-side limit imposed by Rule 30(a)(2)(A)(I).
16 The Court agrees, in concept.

17    Rule 30(b)(6) is a powerful and important discovery tool.  A Rule 30(b)(6) deposition notice
18 serves a unique function: it is the sworn corporate admission that is binding on the corporation. *See e.g.*,
19 *Gales v. Winco Foods*, 2011 WL 3794887 (N.D.Cal.2011) ("As a 30(b)(6) witness, her testimony is a
20 sworn corporate admission binding on the corporation.)  If the notice of deposition or subpoena served
21 on the entity sufficiently describes the matters on which questions will be asked, the entity is under a
22 duty to designate and produce "one or more officers, directors, or managing agents, or designate other
23 persons who consent to testify on its behalf ... " Rule 30(b)(6).

24    The scope of the matters or categories that are "reasonably particularized" cannot be arbitrary
25 to the corporate entity.  The reasonably particularized categories must have some reasonable and rational
26 relationship to the operation of the entity sought to be deposed.  As currently phrased, plaintiff's Rule
27 30(b)(6) notices does not adequately particularize matters.  As phrased, Wal-Mart could not possibly
28 designate and properly prepare a corporate representative to testify on its behalf because it contends the

3

"reasonably particularized" matters do not exist. Wal-Mart would be required to produce witnesses and documents to prove the existence of a negative, i.e., that Wal-Mart policy was NOT influenced or modified in any manner due to any language in the Chambers memo. Wal-Mart contends it does not have and did not implement a policy to hire only "healthy" workers; it does not have and did not implement a policy to discourage the hiring of the elderly or disabled; it does not have and did not implement financial incentives to managers to avoid hiring the disabled or elderly. Therefore, Wal-Mart cannot possibly comply with the 30(b)(6) notice. Rule 30(b)(6) is not so broad as to force Wal-Mart to "interpret" a line of inquiry in a category that Wal-Mart contends does not exist, and produce a designee for a nonexistent subject. The categories of the "reasonably particularized" matters for the 30(b)(6) deposition bear no relationship to Wal-Mart's operation so as to argumentative and irrelevant.

Indeed, Wal-Mart may face sanctions for failing to adequately produce and prepare its deponents in response to the Rule 30(b)(6) notice. See Rule 26(g). Further, Rule 30(b)(6) does not require Wal-Mart to admit it engaged in any wrongdoing. The phrasing of the categories implies that by producing a person, Wal-Mart has committed the wrong sought to be discovered. ("Has Wal-Mart implemented a policy to discourage the hiring of persons with disabilities?")

Moreover, the deposition notice is overboard and unduly burdensome. For instance, the categories related to "hiring" are not relevant to the issues in the case as plaintiff does not contend his "hiring" was discriminatory. He contends that denial of his promotions was based on age or disability. Another overly broad and burdensome category is whether Wal-Mart has implemented the Chambers memo through out Wal-Mart ("other Wal-Mart employees"). To prepare for a 30(b)(6) deposition for this category, Wal-Mart would be required to interview numerous employees across the nation to determine what policies were implemented.

The Rule 30(b)(6) notice is improper, overbroad and unduly burdensome. Plaintiff's request to compel Wal-Mart pursuant to the currently Rule 30(b)(6) notice is denied.

### Leave to Extend Fact Based Depositions to 15

Plaintiff asks for leave to expand the fact based depositions from ten to fifteen.

Rule 30(a)(2)(A)(I) provides that more than 10 depositions being taken may be taken by leave of court. Rule 30 does not state the showing that is required for additional depositions. *See e.g.*, *Archer*

*Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 FRD 578, 586 (D MN 1999) (party must make a "particularized showing" of why extra depositions are necessary).

Here, plaintiff has taken nine depositions. At the informal discovery conference, plaintiff identified an additional four deponents who would be necessary. The Court finds that plaintiff has made an adequate showing of these four additional deponents and grants the request for plaintiff to take up to thirteen depositions.

## Chambers Memo and Documentation

Plaintiff seeks to compel production of the Chambers memo and documents regarding implementation of the Chambers memo. Wal-Mart seeks a protective order precluding production of any of the documents.

Document Request, Set No. 4, requests that Wal-Mart produce the Chambers memo, documents regarding the policy of hiring "healthy" workers, communications about hiring "healthy" workers and any financial incentives, and documents regarding complying with discrimination and "healthy" workers.

Wal-Mart objects to the production of the Chambers memo on various grounds. Wal-Mart argues that the Chambers memo postdated the adverse job actions of which plaintiff's complains (i.e., the denial of job promotions). The memo is irrelevant to the central allegations of plaintiff's complaint and subject to Fed.R.Evid. 401 and 403. Wal-Mart argues the decision-makers with regard to the challenged employment action(s) in this case (1) were not recipients of the Chambers memo or writings related thereto; (2) did not rely on the Chambers memo or writings related thereto, in reaching their decision(s); (3) did not prepare documentation regarding the Chambers memo or writings related thereto; and (4) did not confer with the author of the Chambers memo.

Fed.R.Evid. 401 defines "relevant evidence" as evidence having probative value on "any fact that is of consequence" in the case. Fed.R.Evid. 403 provides that the courts should exclude relevant evidence when probative value of such testimony is outweighed by its potential prejudice.

Here, plaintiff alleges that as a direct result of the Chambers memo, Wal-Mart implemented policies which adversely affected his employment. (Doc. 100 ¶59-60.) Plaintiff alleges that thereafter, directives were issued which converted workers to part time status and resulted in reduced health care costs, among other results.

Based upon the allegations in the amended complaint, the Chambers memo is directly relevant to plaintiff's claims. Plaintiff alleges a cause and effect relationship. Based on the Chambers' memo, Wal-Mart implemented policies to further the findings in the memo. Plaintiff alleges that the Chambers memo advanced discriminatory policies which were implemented and adversely impacted his employment directly as an older worker with a purported disability. After the memo, and purported directives issued, plaintiff was converted to part time status. While Wal-Mart argues that no one at the store had any knowledge or communication regarding the Chambers memo, this is an issue which is subject to proof. Plaintiff is not required to take Wal-Mart's word on the subject. If the memo established a corporate policy which was then communicated to the store and implemented, then the policy is directly relevant. Accordingly, the Chambers memo will be ordered produced.

As to the remaining documents in Plaintiff's Document Request, Set no. 4, requests no. 2-6, the Court will order partial production. The Court finds that the scope of the requests is irrelevant to the allegations and overly board and burdensome. The documents relevant to plaintiff's claims are for the particular store in which plaintiff was employed, not for all stores across the United States. Only plaintiff's store is relevant because plaintiff has not shown that the corporate culture of employment decisions negated all manner of management discretion. *See Wal-Mart Stores, Inc. v. Dukes*, - U.S.-, 131 S.Ct. 2541 (2011) (rejecting the theory that a strong and uniform "corporate culture" permits bias against women to infect the discretionary decisionmaking of each one of Wal–Mart's thousands of managers—thereby making every woman at the company the victim of one common discriminatory practice).

The relevant store and its operation is the store in which plaintiff was employed (store 2985). The Court orders the following document to be produced for the store 2985:

1. Documents which relate to written and verbal directives and financial incentives to convert workers to part-time status for the store, based upon the Chambers memo, from September 2005 to the present.

2. Documents which relate to employment policies and practices on age discrimination and disability discrimination, and related communications, from September 2005 to the present from corporate office to the store.

**Protective Order**

Rule 26( c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). To establish "good cause," a party seeking a protective order for discovery materials must "present a factual showing of a particular and specific need for the protective order." *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D.Cal.1995). In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (holding that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26( c) test); *see also San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir.1999) (holding that to gain a protective order the party must make a particularized showing of good cause with respect to any individual document). If a court finds particularized harm will result from disclosure of information to the public, it then balances the public and private interests to decide whether a protective order is necessary. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir.1995).

Here, the Court has denied the Rule 30(b)(6) request, as currently worded, and restricted the request for production of documents. The Court denies the request for the protective order as to the Rule 30(b)(6) notice and the request for production of documents.

**Chambers Deposition**

Plaintiff seeks to depose Ms. Chambers. Ms. Chambers is a Vice-President of Wal-Mart and as stated in oral argument, has her principle place of business and residency in Arkansas. (See Doc. 140 p.10 n. 1.) The general presumption is that "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *See generally Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D DE 2010). This generally recognized presumption may be overcome by a showing of the location of counsel for all parties; the number of corporate representatives a party is seeking to depose; the likelihood of significant discovery disputes arising that would necessitate resolution by the forum court; and whether the persons sought to be deposed often engage in travel for business purposes. *E.I. DuPont de Nemours & Co. v. Kolon Industries, Inc.*, 268 F.R.D. 45, 54 (ED VA 2010). Thus, the

1 court has discretion as to the location of the deposition.

2 Here, there is no showing that Ms. Chambers has traveled to this District or had any direct communications with anyone located in this district. Plaintiff's requests the deposition in California. However, if necessary, Plaintiff states he will take the deposition in Arkansas, and video tape it for use at trial as he alleges her testimony is vital to proving up the corporate practice which caused compensatory damages to Zane. (Doc. 140, p.10 n.1.)

The Court grants the request to depose Ms. Chambers. The Court declines to order Ms. Chambers' deposition be taken in Fresno. Rather, in its exercise of discretion, and for good cause, the Court orders Ms. Chambers may be located in Arkansas when the deposition is taken. Plaintiff may take the deposition by telephone, video, or other remote means. Fed.R.Civ.P.30(b)(4). Alternatively, plaintiff may travel to Arkansas to take the deposition.

IT IS SO ORDERED.

Dated:   **December 2, 2011**               /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE