1

2

3

4

5 **IN THE UNITED STATES DISTRICT COURT**

6 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8 ZANE HARDIN,                                        CASE NO. 08-CV-0617 AWI BAM

9             Plaintiff,                              **ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION AND PLAINTIFF'S**

10                                                    **MOTION FOR COMPLIANCE AND SANCTIONS**

11       vs.
                                                     (Doc. 153, 155, 156)
12 WAL-MART STORES, INC.

13             Defendant.
   _____/

14

15       In the motion to be reconsidered, Defendant Wal-Mart Stores Inc., ("Defendant") sought a

16 Motion for Protective Order to prevent the deposition of its Executive Vice-President Susan Chambers.

17 (Doc. 140). Plaintiff Zane Hardin ("Plaintiff") filed a Cross-Motion to Compel the deposition asking the

18 Court to order Wal-Mart to produce Ms. Chambers for deposition. (Doc. 146). On December 2, 2011,

19 this Court, finding good cause, denied Wal-Mart's Motion for Protective Order and granted Plaintiff's

20 request to depose Ms. Chambers. (Doc. 152).  Thereafter, Wal-Mart filed the current Motion to

21 Reconsider.  (Doc.153).  In response,  Hardin filed a Cross-Motion to Compel compliance with this

22 Court's order on the Chambers' deposition and a Motion for Sanctions. (Doc. 155).  The Court heard

23 oral argument from counsel on December 20, 2011. Counsel John Shepardson  appeared by telephone

24 on behalf of Plaintiff. Counsel Gregory Spallas and Anna Gehriger appeared by telephone on behalf of

25 Defendant. Having reviewed Wal-Mart's Motion for Reconsideration, Hardin's responsive motions for

26 compliance and sanctions, the arguments of counsel,  and the declarations of Susan Chambers and

27 Plaintiff's counsel John Shepardson, this Court issues the following order.

28       Reconsideration is appropriate when the district court is presented with newly discovered

1

evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *see also*, *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion."

Wal-Mart moves for reconsideration of this Court's December 2, 2011 order based on the new 30(b)(6) notice of deposition filed by Hardin. (Doc.153). According to Wal-Mart, the "apex deposition" doctrine serves to shield Ms. Chambers from being deposed by Plaintiff. The "apex doctrine" protects high-level corporate officials from deposition unless: (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted. *See Van Den Eng v. Coleman Co., Inc.*, 2005 U.S. Dist. LEXIS 40720, 2005 WL 3776352, at *2 (D. Kan. 2005). Additionally, "when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *See e.g. WebSideStory, Inc. v. NetRatings*, 2007 U.S. Dist. LEXIS 20481 at *6 (S.D. Cal. 2007). A claimed lack of knowledge, by itself, is insufficient to preclude a deposition. *Id.*

Ms. Chambers is a high level executive who oversees recruiting, training, and retention initiatives for more than two million Wal-Mart associates worldwide. Chambers Decl. at 1 (Doc. 154). Wal-Mart argues that Hardin seeks information from an apex deponent and as such the information sought through direct testimony from Ms. Chambers is available to Hardin through less obtrusive means such as written depositions or corporate discovery. Wal-Mart further argues that Hardin's new 30(b)(6) notice includes

2

multiple topics that are not specific to Ms. Chambers and are of the nature that Wal-Mart can produce a corporate deponent rather than produce Ms. Chambers for deposition.  (Doc. 153).  Wal-Mart claims it can provide Hardin with a corporate witness to testify on behalf of the company that can speak to issues noticed in the deposition. This witness would be located at Wal-Mart's headquarters in Arkansas but would be less senior than Ms. Chambers.  Wal-Mart alleges that allowing a different corporate deponent to testify would (1) address the information Plaintiff seeks and (2) cause significantly less burden thus satisfying the apex doctrine and the Court's inherent discretion to limit discovery where it is unreasonably cumulative or duplicative or obtainable from some other source that is more convenient, less burdensome, or less expensive.   If the Court is unwilling to reconsider its prior ruling, Wal-Mart asks for leave to produce Ms. Chambers for deposition after the busy holiday shopping season.[1]

Although in her declaration Ms. Chambers states she has no knowledge of the employment decisions affecting Hardin at store 2985, Hardin alleges that the Chambers Memo authored in 2005 contains company-wide discriminatory policies and changes in benefits. Hardin alleges that as a direct result of the Chambers Memo Wal-Mart implemented policies which adversely affected his employment. (Doc. 100 ¶59-60.).

Rule 26( c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED.R.CIV.P. 26(c)(1). To establish "good cause," a party seeking a protective order for discovery materials must "present a factual showing of a particular and specific need for the protective order." *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293, 1297 (N.D.Cal.1995).  The test under Rule 26 is not whether a putative deponent had personal involvement in an event, or even whether they have "direct" knowledge of the event, but whether the witness may have information from whatever source that is relevant to a claim or defense. FED. R. CIV. P. 26; *Miles v. Wal-Mart Stores*, 2007 U.S. Dist. LEXIS 57895at ** 6-7 (W.D. Ark. Aug. 7, 2007).

---

[1]     Wal-Mart alleges that producing Ms. Chambers at this time, the holiday season, is extremely difficult. According to Wal-Mart, Ms. Chambers is among the highest executives of the nation's largest retailer.  As such, the scheduling difficulties of the holidays and the holiday shopping season during which retailers are under the most pressure of the year, makes a deposition before the non-expert discovery cut-off prohibitively difficult.

3

1   In her declaration, Ms. Chambers admits to having personal knowledge about the Chambers
2   Memo and its effects.  She oversaw a group responsible for researching and analyzing  the data  in the
3   memo and as a result, she also  has relevant information concerning the ideas and policies found in the
4   memo.  Ms. Chambers also has personal knowledge concerning Wal-Mart's decision whether  to
5   implement the policies and whether directives were issued which affected Hardin's employment status
6   and resulted in reduced health care costs, among other results.  As this deponent may have relevant
7   information concerning the policies triggering the challenged employment decisions impacting Hardin,
8   and the policies implemented relevant to Hardin's case, the Court finds that this deposition falls outside
9   of the realm of the "apex deposition" doctrine and  Ms. Chambers must be produced for deposition.
10  There is no question Ms. Chambers  is a busy,  high-ranking executive. However, that status, by itself,
11  is insufficient to preclude her deposition. The Court is satisfied that Ms. Chambers has personal
12  knowledge of facts relevant to this lawsuit and her deposition may go forward.

13  On the other hand, while Ms. Chambers has relevant information related to Hardin's claim, to
14  prevent cumulative deposition testimony, her deposition must be taken last.  The Supreme Court has
15  opined that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate
16  the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also*, *Bell Atlantic
17  Corp. v. Twombly*, 550 U.S. 544, 595 n.13 (2007) ("Rule 26 confers broad discretion to control the
18  combination of interrogatories, requests for admissions, production requests, and depositions permitted
19  in a given case; the sequence in which such discovery devices may be deployed; and the limitations
20  imposed upon them").  Hardin has not presented any compelling argument for ordering the deposition
21  of Ms. Chambers before the remaining depositions and during the busy holiday season.  There is no
22  dispute that Ms. Chambers had a hand in creating the "Chambers Memo."   The pertinent issue is
23  whether the ideas and policies found in the memo were adopted and implemented throughout Wal-Mart
24  stores.  Hardin's belief that because the memo exists and Hardin's hours were reduced that one event
25  caused the other is misplaced. Taking the remaining depositions first will allow Hardin to establish a link
26  between the Chambers' Memo and any derivative policies that may have affected Hardin's employment.
27  It is that link—to the extent that it exists—that should guide the questions at Ms. Chambers deposition.
28  Having considered Defendant's motion, which presents no new facts or law,  this Court finds that

4

no conditions exist to justify reconsideration of this Court's order.    Further, based on the Court's

discretion to dictate the sequence of discovery, and after careful consideration of the facts and the

parties' conduct, this Court:

(1)    DENIES Defendant's Motion for Reconsideration regarding this Court's order on
Defendants' objection to the deposition of Susan Chambers (Doc. 153); and

(2)    GRANTS Defendant's request to produce Ms. Chambers for deposition after the
holiday season. Wal-Mart shall produce Ms. Chambers for deposition on or after
January 23, 2012; The deposition shall be limited to no more than four (4) hours.

(3)    DENIES Plaintiffs's Request for Sanctions.  (Doc. 155).

IT IS SO ORDERED.

Dated:    **December 21, 2011**              **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE

5