IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN,<br><br>              Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.<br><br>              Defendant.<br>_____/ | CASE NO. 08-CV-0617 AWI BAM<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL WAL-MART TO PRODUCE EMAILS AND OTHER DOCUMENTS**<br><br>(Doc. 228, 229) |

**BACKGROUND**

Before the Court is the Plaintiff's Motion to Compel Defendant, Wal-Mart Store's Inc., to produce emails and other documents. (Doc. 228). The Court found the motion suitable for decision without oral argument and took the motion under submission.

Pursuant to the scheduling order, discovery in this case closed on March 27, 2012. Therefore, the motion to compel is untimely and should be denied. Nonetheless, the Court will provide Plaintiff with the benefit of the doubt and construe Plaintiff's Motion to Compel as a motion to reopen discovery. Before examining the merits of the motion, it is necessary to understand the procedural and factual background of this litigation.

Plaintiff, Zane Hardin, is a Wal-Mart Employee. Plaintiff alleges that Defendant Wal-Mart Stores, Inc. discriminated against him on the basis of his age and physical disability, and then retaliated against him when he asserted his rights. Plaintiff filed this action four years ago in state court, it was later removed to this Court on diversity jurisdiction. Shortly after the case was removed, it went through two rounds of motions to dismiss which were granted in part and denied in part. (Doc. 19, 38). The

1 initial scheduling order, issued on September 2, 2008, opened discovery.  (Doc. 18).

2       On July 16, 2010, Wal-Mart Stores filed its first Motion for Summary Judgment. (Doc. 62).  The
3 Court denied Wal-Mart's motion and allowed Plaintiff leave to file a third amended complaint. (Doc.
4 99).  The operative Third Amended Complaint ("TAC"), filed on December 10, 2010, lists fourteen
5 causes of action: (1) Fair Employment and Housing Act ("FEHA"); (2) California's Business &
6 Professions Code §17200; (3) California Civil Code §51; (4) intentional infliction of emotional distress;
7 (5) breach of contract; (6) promissory estoppel; (7) fraudulent and negligent misrepresentation; (8)
8 conversion; (9) civil assault; (10) negligent infliction of emotional distress; (11)wrongful demotion; (12)
9 breach of third party beneficiary contract; (13) defamation; and (14) elder abuse.  (Doc. 100).

10       After several extensions of time, non-expert discovery was scheduled to close on February 3,
11 2012. On January 13, 2012, Plaintiff served Wal-Mart with Request for Production ("RFP") No. 6. RFP
12 6 asked Wal-Mart to produce over eleven categories of email correspondence and electronic data
13 spanning the ten-year history of Hardin's employment.  Further detailed in this request was Plaintiff's
14 first attempt to seek statistical data from Wal-Mart regarding its employees at Hardin's Wal-Mart
15 location as well as its other stores.  Although the RFP contained a proof of service of December 31,
16 2011, it was initially and improperly served at an incorrect address.  It was then properly served on
17 January 13, 2012, twenty-one days before the discovery cutoff. (Doc. 228 at 19).

18       On January 24, 2012, the parties requested an informal discovery conference to resolve the
19 discovery dispute concerning the production of emails. On January 27, 2012, the Court held the informal
20 telephonic conference on the record, and the parties stipulated to an oral ruling.  (Doc. 180).  At the
21 hearing, the Honorable Judge McAuliffe denied Plaintiff's motion to compel Wal-Mart's emails in its
22 entirety as untimely, unreasonably burdensome, and costly. Judge McAuliffe stated that throughout the
23 discovery period, Plaintiff was well aware that Wal-Mart had not produced any emails. It was incumbent
24 on Plaintiff, much earlier in discovery, to request vast amounts of emails from Defendant. The Court
25 explained that the parties have had an ample amount of time to conduct electronic discovery and the
26 request to do so was not pursued diligently. (Doc. 180).

27       At the hearing, the Court also advanced the trial date, at Plaintiff's request, due to his cancer
28 diagnosis. This Court  set an expedited trial date of March 27, 2012 and accelerated the deadline for the

filing of dispositive motions. (Doc. 175). On January 27, 2012, Wal-Mart filed its second motion for summary judgment. (Doc. 181). Wal-Mart's motion for summary judgment was granted as to all causes of action by the district court judge on March 2, 2012. (Doc. 204). After the ruling, Plaintiff filed a motion for reconsideration, alleging among other things, that Wal-Mart had failed to address his disparate impact and residual claims. On reconsideration, District Judge Anthony Ishii ordered Wal-Mart to file a third motion for summary judgment fully addressing the causes of action related to Plaintiff's disparate impact claim. (Doc. 227). Wal-Mart's third motion for summary judgment is now pending before the district court. (Doc. 236).

In the instant motion, Plaintiff again asks the Court to compel Wal-Mart to produce emails containing statistical data as it relates to Hardin's employment at Wal-Mart. According to Plaintiff, Wal-Mart misrepresented the ease in which it could produce emails spanning the over ten-year history of Plaintiff's employment. Plaintiff further believes that good cause "for additional discovery" exists because Judge Ishii is allowing Wal-Mart "an additional shot to knock-out Plaintiff's causes of action." (Doc. 228).

## LEGAL STANDARD

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). Federal Rule of Civil Procedure 16 provides a stringent standard whereby the party who seeks to amend the Court's scheduling order must show "good cause" why the Court should set aside or extend a discovery deadline. *See* Fed. R. Civ. P. 16(b)(4). The scheduling order may only be amended with the Court's consent. *Id.*

Under Rule 16(b)'s good cause standard, the Court's primary focus is on the movant's diligence in seeking the amendment. *Johnson*, 975 F.2d at 609. "Good cause" exists if a party can demonstrate that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (*citing* FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

3

(citations omitted).  If the party seeking modification was not diligent in his or her pretrial preparations, the inquiry should end there and the measure of relief sought from the Court should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  The party seeking to continue or extend the deadlines bears the burden of proving good cause.  *See id.; Johnson*, 975 F.2d at 608.

## DISCUSSION

In the instant case, the Court is unpersuaded that Plaintiff's request for additional discovery should be granted.  Plaintiff's attempt to reopen discovery fails for two reasons.  First, as previously ruled by the Court, there is no indication that Plaintiff sought timely discovery of Wal-Mart's emails and the resulting statistical data.  To the contrary, Plaintiff filed his third amended complaint on December 11, 2011, and waited over a year before seeking discovery of the statistical evidence needed to establish his disparate impact claim.  Second, Plaintiff cannot establish that good cause supports his motion.

**1.    The Motion is Untimely**

The motion is untimely.  Non-expert discovery in this case closed on February 3, 2012, after the Court granted several extensions of the discovery deadline. (Doc. 151).  Therefore, this motion brought after the close of discovery is untimely.  Accordingly, for this reason alone, the motion should be denied.

**2.    No Good Cause to Reopen Discovery**

Even if the Court construes the motion as a motion to reopen discovery, the motion must be denied. Plaintiff cannot show due diligence in seeking the discovery at issue.  Two motions for summary judgment have been filed, and a third summary judgment motion is currently pending before the district court. Plaintiff had over a year to seek discovery on statistical data, but instead Plaintiff waited until the eve of the already extended discovery cut-off to request this information.  Further compounding matters is the nature of Plaintiff's discovery request.  Plaintiff is seeking to compel emails that should have been anticipated from the inception of this action.  Plaintiff's failure to make such a basic discovery request until three weeks before the discovery deadline is the antithesis of diligence.  Plaintiff cannot show diligence in discovery.

Further, Plaintiff's motion to reopen discovery is not supported by good cause.  The only remaining causes of action in this case surround Plaintiff's disparate impact claim *i.e.,* whether Wal-Mart has a policy that is neutral on its face but which adversely impacts a protected class of employees.  As

1 Judge Ishii noted in his order for reconsideration, expert testimony is essential to a disparate impact
2 claim. (Doc. 227).  Plaintiff, however, has no experts.  Plaintiff never disclosed any experts to interpret
3 and testify about statistical evidence and expressly waived the retention of experts in order to expedite
4 trial.  This fact negates good cause. Even if Plaintiff's belated request for the alleged statistical data
5 found in the emails were allowed, such information would be rendered useless without the assistance
6 of an expert to explain it.

7 Moreover, Judge Ishii's reconsideration order does not establish good cause.  Besides plaintiff's
8 own failure to make a timely discovery request for electronic information, he provides no justification
9 for why he could not meet the discovery deadline.  Instead, Plaintiff relies on the district court's
10 reconsideration ruling to satisfy good cause.  Plaintiff, however, has not cited any authority allowing him
11 to seek to reopen discovery just because the Court has ordered a further dispositive motion to address
12 existing issues.

13 To allow a modification of the scheduling order without good cause would render scheduling
14 orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets.
15 *Johnson*, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ."
16 (internal quotations and citation omitted)).  Although, Plaintiff avers that Wal-Mart misrepresented its
17 ability to produce emails, the Court has already denied Plaintiff's request for emails as untimely.
18 Plaintiff's belated request was denied by this Court and Plaintiff has not established sufficient good
19 cause to revisit that ruling or reopen discovery.

20 Accordingly, it is **HEREBY ORDERED** that Plaintiff's Motion to Compel emails and other
21 documents, construed as a motion to reopen discovery, is **DENIED**.  (Doc. 228, 229).

22 IT IS SO ORDERED.

23 **Dated:   July 16, 2012**             /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE