IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN, | CASE NO. 1:08-cv-0617 AWI BAM |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS PROVIDED TO MS. CHAMBERS WHICH SHE REFERRED TO AND RELIED UPON FOR HER DEPOSITION TESTIMONY AND ALLOWING QUESTIONS THEREON** |
| WAL-MART STORES, INC. | **(Docs. 231, 244, 245, 247, 250, 251)** |
| Defendant. | |

Plaintiff's "Motion to Compel Wal-Mart to Produce Documents Used to Prepare Fact and Rule 30(b)(6) Witness Chambers & Allow Questions Thereon" is **DENIED**. (Docs. 231, 244, 245, 247, 250, 251). On January 26, 2012, Plaintiff deposed Susan Chambers, a Rule 30(b)(6) witness. At the deposition, it was revealed that Ms. Chambers had reviewed documentation prepared by Defendant in order to prepare for her deposition. Plaintiff immediately requested those documents be produced and Defendant declined to do so. In an attempt to meet and confer regarding the deposition dispute, on February 3, 2012, Plaintiff sent Defendant a proposed joint statement in order to bring the deposition dispute before the Court. Non-expert discovery closed on February 3, 2012 and Plaintiff did not seek relief for this deposition dispute until June 21, 2012—five months after the Chambers' deposition was taken and discovery closed.

On July 17, 2012, this Court construed Plaintiff's companion "Motion to Compel Wal-Mart to Produce Emails and Other Documents and Notice of Motion" as a motion to reopen discovery. (Doc. 246). Finding absence of good cause to reopen discovery, this Court denied the motion. (Doc. 246). Likewise, Plaintiff's pending motion to compel documents upon which Ms. Chambers relied in

1

preparation for her deposition must be denied. Once discovery is closed in a case, no further discovery may be conducted absent a Court order modifying the scheduling order upon a showing of good cause. *See* FED. R. CIV. P. 16(b)(4). As the Court noted in its recent ruling, Plaintiff lacked good cause to reopen this discovery because this case has been litigated for years and the parties have had ample opportunity to conduct relevant discovery (See Doc. 246).

Plaintiff again had the opportunity to bring this motion to compel before the deadlines for discovery motions passed and failed to do so. The parties were informed that the Court would attempt to resolve any disputes arising in the course of a deposition immediately by phone. During the deposition, the parties did not contact the Court to resolve the dispute informally and Plaintiff waited over five months after the close of discovery to bring this matter before the Court. Plaintiff's delay in bringing this motion to compel is inexcusable. Even if the Court found Plaintiff's version of events credible, Plaintiff could have resolved this dispute closer to the discovery deadline, but chose not to do so.

Wal-mart's objection to further discovery requests on the basis that they are untimely is sustained. Since discovery in this matter is closed, the Court does not reach the merits of Plaintiff's arguments. Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.

**Dated:** July 23, 2012         /s/ **Barbara A. McAuliffe**
                                 UNITED STATES MAGISTRATE JUDGE

2