1
2
3
4
5
6
7
8
9          **IN THE UNITED STATES DISTRICT COURT**
10         **FOR THE EASTERN DISTRICT OF CALIFORNIA**
11
12   ZANE HARDIN,                          CASE NO. 1:08-cv-0617 AWI-BAM

13              Plaintiffs,                **ORDER ON REQUEST FOR**
                                           **CLARIFICATION AND DENY**
14                                         **RECONSIDERATION**

15        vs.                             (Docs. 233, 239, 240, 243)

16
     WAL-MART STORES, INC,
17

18              Defendant.
                                    /
19

20         The Court has reviewed the following filing's by Plaintiff: Declaration of John A. Shepardson,

21   Esq. in Support of the Motion to Compel Emails and Other Documents and Notice of Motion (Doc.

22   243); Declaration of John A. Shepardson, Esq. re: Judge Ishii's Order Granting Plaintiff's Motion For

23   Reconsideration; Magistrate McAuliffe's Discovery Order (not addressing Defendant Wal-Mart

24   Destroying Documents in Violation of Judge Jenkin's Order) (collectively "Plaintiff's Statement").

25   (Doc. 247).

26         Plaintiff's Statement asks the Court to confirm or deny whether it mistakenly overlooked

27   Plaintiff's claim that Wal-Mart destroyed emails and documents in violation of a Court Order in its

28   prior order denying Plaintiff's motion to compel emails and other documents. (Doc. 247). Plaintiff is

                                              1

advised that the Court carefully reviewed and considered all of the joint motions, briefs, points and authorities, declarations, and/or exhibits in preparation of its order denying Plaintiff's Motion to Compel or otherwise reopen discovery.  Any omission of a reference to any specific argument or declaration is not to be construed that the Court failed to consider the argument or declaration.  The Court denied Plaintiff's Motion to Compel and its  axiomatic that any related sanctions claim must suffer the same fate.

To the extent that Plaintiff's Statement is to be construed as a motion for reconsideration, this Court **DENIES** Plaintiff's request for reconsideration.

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law.  *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).

Plaintiff's Statement simply represents Plaintiff's disagreement with the Court's decision to deny additional discovery and sanctions. Plaintiff's disagreement alone is insufficient to establish that the Court overlooked relevant facts or controlling law in denying Plaintiff's Motion to Compel. *See Schiano v. MBNA Corp*, 2006 U.S. Dist. LEXIS 93578, * 2  (D.N.J. Dec. 27, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, ..., and should be dealt with through the normal appellate process[.]") (citations

/////

/////

/////

/////

2

omitted).  Furthermore, in this District a motion for reconsideration is "an extremely limited procedural vehicle" and such requests should be granted sparingly; the Court finds that Plaintiff fails to meet the standard for reconsideration, and the request for reconsideration must be denied. *See Westlands Water,* 134 F.Supp.2d at 1131.

IT IS SO ORDERED.

**Dated:    July 23, 2012**                        /s/ **Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE

3