# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HARDIN, | CIV-F-08-0617 AWI BAM |
|     Plaintiff, | ORDER RESPONDING TO PLAINTIFF'S REQUEST FOR CLARIFICATION |
| v. | |
| WAL-MART STORES, INC.; and DOES 1-100, | |
|     Defendants. | |

Plaintiff claims that he was subject to employment discrimination by Defendant. The court had granted Defendant's motion for summary judgment, ruling in its favor on all of Plaintiff's claims. Doc. 204. Plaintiff made a motion for reconsideration on all claims. The court reaffirmed grant of summary adjudication of the disparate treatment and most other claims; however, reconsideration was granted with respect to the disparate impact, wrongful demotion in violation of public policy, Cal. Bus. & Prof. Code § 17200, and negligent infliction of emotional distress claims (all of which are related to the disparate impact theory). Doc. 227. These claims were not directly addressed in the motion for summary judgment; the court granted leave to file a new summary judgment motion with respect to the remaining claims. Plaintiff filed motions to compel and to reopen discovery. The motions were denied by Magistrate Judge McAuliffe.

On July 17, 2012, Plaintiff filed the following statement:

4. Defendant Wal-Mart and then Magistrate McAuliffe interpreted the Court's Order

1

granting Plaintiff's Motion for Reconsideration as only allowing [sic] a 'fully addressing the causes of action related to Plaintiff's disparate impact claim.'

5. The Court chose not to cure any defects in its prior Motion for Summary Judgment Ruling on Wrongful Demotion, Negligent Infliction of Emotional Distress, and violation of Bus. & Prof. C. § 17200 outside of disparate impact claims.

6. For example, even though Defendant Wal-Mart did not challenge any aspect of the Wrongful Demotion cause of action, Judge Ishii granted Summary Judgment on all aspects of it, and his Order on Motion for Reconsideration only allowed it to proceed if supported by disparate impact evidence and argument, if Defendant Wal-Mart and Magistrate McAuliffe's interpretation is correct.

7. If their interpretation of the Court's order is in error, we ask the Court to so clarify. Otherwise, we will assume their interpretation is correct.

Doc. 247, July 17, 2012 Declaration.  The court made no response, indicating that Judge McAuliffe's and Defendant's interpretation was correct.

Plaintiff has now filed a request for clarification: "Wal-Mart and Magistrate McAuliffe interpreted the Order as only allowing claims based on *disparate treatment* to proceed. We have a different interpretation. We do not wish to waste the court's or parties' resources presenting on claims that have been dismissed, and not revived. Therefore, we respectfully request the Court clarify its order, and indicate whether or not claims based on other than *disparate treatment* are still viable, or were dismissed, and not revived." Doc. 255, July 30, 2012 Request for Clarification, 1:18-26, emphasis added.  The court assumes that Plaintiff mistakenly used the term "disparate treatment" for "disparate impact" in their request.  To clarify again, Judge McAuliffe and Defendant have correctly interpreted the prior order as allowing the disparate impact and certain associated claims to move forward; summary adjudication in favor of Defendant was granted as to all claims regarding disparate treatment.

IT IS SO ORDERED.

Dated:   August 3, 2012                            _____
                                                   CHIEF UNITED STATES DISTRICT JUDGE